IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAPPHIRE DOLPHIN LLC,<br><br>   Plaintiff,<br><br> v.<br><br>BOSTON ACOUSTICS INC.,<br><br>   Defendant. | C.A. No._____<br><br>TRIAL BY JURY DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Sapphire Dolphin, LLC ("Sapphire Dolphin"), by and through its undersigned counsel, for its Complaint against Boston Acoustics, Inc., ("Boston Acoustics" and/or "Defendant"), alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. §§ 1 *et seq*., including 35 U.S.C. § 271.

### THE PARTIES

2. Plaintiff Sapphire Dolphin is a Delaware limited liability company with a place of business at 222 Delaware Ave, Wilmington, DE 19801.

3. On information and belief, Defendant is a Delaware corporation with its principal place of business at 300 Jubilee Drive, Peabody, MA 01960. Defendant may be served with process through its registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

4. Defendant is in the business of making, using, selling, offering for sale and/or importing speaker devices that establish communications over a Bluetooth network via NFC.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

6. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, as well as because of the injury to Sapphire Dolphin and the cause of action Sapphire Dolphin has raised, as alleged herein.

7. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long-Arm Statute, Del Code. Ann. Tit. 3, § 3104, due to at least its substantial business in this forum, including: (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware.

8. Defendant has conducted and does conduct business within the state of Delaware, directly or through intermediaries, resellers, agents, or offers for sale, sells, and/or advertises products in Delaware that infringe the Asserted Patents (as defined below).

9. In addition to Defendant's continuously and systematically conducting business in Delaware, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in the state of Delaware, including Defendant's making, using, importing, offering for sale, or selling products which include features that fall within the scope of at least one claim of the Asserted Patents.

10. Venue lies in this District under 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, Defendant is subject to personal jurisdiction in this District, and has committed

and continues to commit acts of patent infringement in this District. For example, Defendant has used, sold, offered for sale, and/or imported infringing products in this District.

## THE PATENTS-IN-SUIT

11. There are two patents at issue in this action: United States Patent Nos. 6,094,676 (the "'676 Patent") and 6,219,710 (the "'710 Patent") (collectively, the "Asserted Patents").

12. On July 25, 2000, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '676 Patent, entitled "Method and Apparatus for Peer-To-Peer Communication" after a full and fair examination. Sapphire Dolphin is presently the owner of the patent and possesses all right, title and interest in and to the '676 Patent. Sapphire Dolphin owns all rights of recovery under the '676 Patent, including the exclusive right to recover for past infringement. The '676 Patent is valid and enforceable. A copy of the '676 Patent is attached hereto as Exhibit A.

13. On April 17, 2001, the USPTO duly and legally issued the '710 Patent, entitled "Method and Apparatus for Peer-To-Peer Communication" after a full and fair examination. Sapphire Dolphin is presently the owner of the patent and possesses all right, title and interest in and to the '710 Patent. Sapphire Dolphin owns all rights of recovery under the '710 Patent, including the exclusive right to recover for past infringement. The '710 Patent is valid and enforceable. A copy of the '710 Patent is attached hereto as Exhibit B.

14. The '676 Patent contains three independent claims and sixteen dependent claims.

15. The '710 Patent contains four independent claims and twenty-one dependent claims.

## DESCRIPTION OF THE ACCUSED INSTRUMENTALITIES

16. Defendant's Accused Products, such as Boston Acoustic's "MC100 Blue" speaker device, establish a communication between two devices over a network channel after exchanging messages that provide information that one or both of the communicating devices use to determine the network address of the other over a monitor channel.

17. For example, Boston Acoustic's "MC100 Blue" speaker device establishes communication with an Audio Source device (such as a smartphone) over a Bluetooth network when the Audio Source device is placed very near or tapped against the Boston Acoustic's "MC100 Blue" near-field communication (NFC) subsystem. The apparatus, accordingly, communicates using a near-field communication (NFC) channel and a Bluetooth channel.  In addition, a user of said apparatus also performs at least one method of the Asserted Patents.

18. Accordingly, a user, such as a customer or an employee, performs at least one method and/or uses at least one apparatus claimed in the Asserted Patents by pairing an Audio Source device with the Accused Products using near-field communication (NFC).

## COUNT I
## (INFRINGEMENT OF THE '676 PATENT)

19. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-18.

20. Defendant directly infringes one or more claims of the '676 Patent by using an apparatus and method as described above. For example, without limitation, Defendant directly infringes the '676 Patent by using the Accused Products, including use by Defendant's employees and agents, and use during product development and testing processes.

21. Defendant has had knowledge of infringement of the '676 Patent at least as of the service of the present complaint.

22. Defendant has indirectly infringed and continues to indirectly infringe the '676 Patent by actively inducing its customers, users, and/or licensees to directly infringe by using the Accused Products as described above. Defendant has engaged or will have engaged in such inducement having knowledge of the '676 Patent. Furthermore, Defendant knew or should have known that its actions would induce direct infringement by others and intended that its actions would induce direct infringement by others. For example, Defendant sells, offers for sale and advertises the Accused Products in Delaware specifically intending that its customers buy and use them in an infringing manner. As a direct and proximate result of Defendant's indirect infringement by inducement of the '676 Patent, Plaintiff has been and continues to be damaged.

23. Defendant has contributorily infringed and continues to contributorily infringe the '676 Patent by selling and/or offering to sell the Accused Products, whose infringing features are not a staple article of commerce and when used by a third-party, such as a customer, can only be used in a way that infringes the '676 Patent. Defendant has done this with knowledge of the '676 Patent and knowledge that the Accused Products constitute a material part of the invention claimed in the '676 Patent. Defendant engaged or will have engaged in such contributory infringement having knowledge of the '676 Patent. As a direct and proximate result of Defendant's contributory infringement of the '676 Patent, Plaintiff has been and continues to be damaged.

24. By engaging in the conduct described herein, Defendant has injured Sapphire Dolphin and is thus liable for infringement of the '676 Patent, pursuant to 35 U.S.C. § 271.

25. Defendant has committed these acts of infringement without license or authorization.

26. To the extent that facts learned in discovery show that Defendant's infringement

of the '676 Patent is or has been willful, Sapphire Dolphin reserves the right to request such a finding at the time of trial.

27. As a result of Defendant's infringement of the '676 Patent, Sapphire Dolphin has suffered harm and monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

28. Sapphire Dolphin will continue to suffer harm and damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Sapphire Dolphin is entitled to compensation for any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## COUNT II:
## (INFRINGEMENT OF THE '710 PATENT)

29. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-28.

30. Defendant directly infringes one or more claims of the '710 Patent by using an apparatus and method as described above. For example, without limitation, Defendant directly infringes the '710 Patent by using the Accused Products, including use by Defendant's employees and agents, and use during product development and testing processes.

31. Defendant has had knowledge of infringement of the '710 Patent at least as of the service of the present complaint.

32. Defendant has indirectly infringed and continues to indirectly infringe the '710 Patent by actively inducing its customers, users, and/or licensees to directly infringe by using the Accused Products as described above. Defendant has engaged or will have engaged in such inducement having knowledge of the '710 Patent. Furthermore, Defendant knew or should have known that its actions would induce direct infringement by others and intended that its actions

would induce direct infringement by others. For example, Defendant sells, offers for sale and advertises the Accused Products in Delaware specifically intending that its customers buy and use them in an infringing manner. As a direct and proximate result of Defendant's indirect infringement by inducement of the '710 Patent, Plaintiff has been and continues to be damaged.

33. Defendant has contributorily infringed and continues to contributorily infringe the '710 Patent by selling and/or offering to sell the Accused Products, whose infringing features are not a staple article of commerce and when used by a third-party, such as a customer, can only be used in a way that infringes the '710 Patent. Defendant has done this with knowledge of the '710 Patent and knowledge that the Accused Products constitutes a material part of the invention claimed in the '710 Patent. Defendant engaged or will have engaged in such contributory infringement having knowledge of the '710 Patent. As a direct and proximate result of Defendant's contributory infringement of the '710 Patent, Plaintiff has been and continues to be damaged

34. By engaging in the conduct described herein, Defendant has injured Sapphire Dolphin and is thus liable for infringement of the '710 Patent, pursuant to 35 U.S.C. §271.

35. Defendant has committed these acts of infringement without license or authorization.

36. To the extent that facts learned in discovery show that Defendant's infringement of the '710 Patent is or has been willful, Sapphire Dolphin reserves the right to request such a finding at the time of trial.

37. As a result of Defendant's infringement of the '710 Patent, Sapphire Dolphin has suffered harm and monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

38. Sapphire Dolphin will continue to suffer harm and damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Sapphire Dolphin is entitled to compensation for any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## DEMAND FOR JURY TRIAL

39. Sapphire Dolphin demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

Sapphire Dolphin respectfully prays for the following relief:

A. That Defendant be adjudged to have infringed the Asserted Patents;

B. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly and/or indirectly infringing the Asserted Patents;

C. An award of damages pursuant to 35 U.S.C. § 284 sufficient to compensate Sapphire Dolphin for Defendant's past infringement and any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

D. An assessment of pre-judgment and post-judgment interests and costs against Defendant, together with an award of such interests and costs, in accordance with 35 U.S.C. § 284;

E. That Defendant be directed to pay enhanced damages, including Sapphire Dolphin's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

F. That Sapphire Dolphin be given such other and further relief as this Court may deem just and proper.

Dated: February 21, 2014

OF COUNSEL:

Eugenio Torres-Oyola
FERRAIUOLI LLC
221 Plaza 5th Floor
221 Ponce de León Ave.
San Juan, Puerto Rico 00917
(787) 766-7000
etorres@ferraiuoli.com

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Richard D. Kirk (#0922)
Stephen B. Brauerman (#4952)
Vanessa R. Tiradentes (#5398)
Sara E. Bussiere (#5725)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayardlaw.com

*Attorneys for Plaintiff Sapphire Dolphin LLC*